IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ANTHONY CHARLES MURPHY,<br><br>Petitioner,<br><br>v.<br><br>STATE OF UTAH.,<br><br>Respondent. | **MEMORANDUM DECISION<br>& ORDER DENYING<br>HABEAS-CORPUS PETITION**<br><br>Case No. 1:21-CV-97-RJS<br><br>Chief Judge Robert J. Shelby |

In this federal habeas corpus case, pro se inmate Anthony Charles Murphy, ("Petitioner")[1] attacks his state conviction. 28 U.S.C.S. § 2254 (2023) ("[A] district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Having carefully considered the Petition, (ECF No. 1) and associated addenda (ECF Nos. 5, 6); the State's Motion to Dismiss (ECF No. 20) and exhibits; and Petitioner's Response to Motion to Dismiss, (ECF No. 21), the Court concludes that Petitioner has procedurally defaulted all issues. The Petition is therefore denied.

## I. BACKGROUND

Petitioner was convicted of committing multiple felonies in 2009 against his then-wife. The Utah Court of Appeals provided the following summary of the proceedings:

> The State charged Defendant with aggravated sexual assault and aggravated kidnapping, first-degree felonies; forcible sexual abuse, a second-degree felony; and aggravated assault, a third-degree felony. He was tried in 2016. A jury found him guilty of all charges. He was sentenced to two consecutive fifteen-years-

---

[1] Because Petitioner is pro se, his pleadings must be construed liberally. *Garrett v. Selby, Connor, Maddux, & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). However, the Court need not form arguments for him or excuse compliance with procedural rules. *Id*.

1

> to-life sentences for his aggravated sexual assault and aggravated kidnapping convictions, and concurrent sentences of one-to-fifteen years and zero-to-five years for his forcible sexual abuse and aggravated assault convictions, respectively.

*State v. Murphy*, 2019 UT App 64, ¶¶2-12, *cert. denied*, *State v. Murphy*, No. 20200245, 466 P.3d 1074 (table) (Utah 2020) (ECF No. 13-3, at 1-2).

Petitioner, represented by counsel, sought certiorari review of only one issue: whether the trial and appellate courts had properly applied Utah Rule of Evidence 403 in the decision to admit certain evidence at trial. (ECF No. 20-11, at 2.) The certiorari petition cited no federal law and raised no federal issues. The Utah Supreme Court denied certiorari. *State v. Murphy*, 466 P.3d 1074 (table) (Utah 2020).

On September 28, 2020, Petitioner submitted his pro se petition for state post-conviction relief ("PCP"). (ECF No. 20-13, at 16.) The PCP sought relief on five grounds: (1) the prosecution failed to prove necessary elements of the crimes for which Petitioner was convicted; (2) prosecutorial misconduct; (3) violation of Utah Rule of Evidence 702; (4) the conviction relied on evidence obtained in violation of the Fourth and Fourteenth Amendments; and (5) eight claims of ineffective assistance of trial and appellate counsel.

On November 2, 2020, the PCP trial court summarily dismissed Petitioner's first four grounds as facially frivolous. (ECF No. 20-14, at 1.) However, the court found Petitioner's claims of ineffective assistance of counsel to be potentially viable, though replete with pleading errors. *Id.* The court ordered Petitioner to correct pleading errors in the ineffective assistance of counsel claims within twenty-one days. *Id*, at 2.

Shortly before the deadline, Petitioner requested an extension of time. *See* ECF No. 20-16, at 1. On December 3, 2020, Petitioner filed an amended PCP ("Amended PCP") comprised of twenty-two claims of ineffective assistance of counsel. (ECF Nos. 20-15, 20-16.)

2

On March 1, 2021, the PCP court dismissed all the claims in the Amended PCP, many for multiple reasons. (ECF No. 20-17, at 9.) Twenty of Petitioner's twenty-two claims were dismissible as frivolous on their face. (*Id.* at 8-9.) Ten of the claims were dismissible because they could have been, but were not, raised at trial or on appeal. (*Id.* at 4). Seven of the claims were dismissible because they had been adjudicated in a prior proceeding. (*Id.* at 5.) The March 1, 2021, dismissal of the Amended PCP rendered the November 2, 2020 dismissal of claims in the original PCP final and immediately appealable. *See* Utah R. Civ. P. 54(b). The court clerk served notice of the dismissal on March 1, 2021. (ECF No. 20-16, at 10.)

Petitioner neglected to appeal the dismissal of any of his post-conviction claims. Petitioner's thirty-day window to file a timely appeal closed on March 31, 2021. *See* Utah R. App. P. 4(a); *see also*, Utah Code Ann. 20A-1-104. Petitioner's thirty-day window to move for an extension of the period to file a notice of appeal for good cause or excusable neglect expired on April 30, 2021. *See* Utah R. App. P. 4(e).

Rather than pursuing an appeal of the claims in the PCP and the Amended PCP, Petitioner proceeded directly to his federal Petition. Petitioner placed the twenty-two-page Petition, supplemented by an eighty-three-page brief and 159 pages of exhibits in the prison mailing system on May 2, 2021. (ECF No. 1-4, at 83.) The Petition included the single issue presented to the Utah Supreme Court on direct appeal and a variety of claims derived from the unappealed PCP and Amended PCP petitions.

Petitioner repeatedly claimed that he had exhausted his state remedies. The template form Petitioner used to prepare his Petition repeatedly prompted Petitioner to provide information about whether he had exhausted his claims in the state courts. For example, Petitioner's response to Question 11(d) acknowledges that he did not appeal the PCP. (ECF No. 1, at 5.) In response to

3

Question 11(e) ("If you did not appeal to the highest state court having jurisdiction, explain why you did not.") Petitioner answered, "I exhausted my state remedies." *Id.* The template later solicits information about whether specific claims had been appealed the claim to the highest state court. *See, e.g.*, ECF No. 1, at 6. Each time Petitioner was asked why he did not appeal a specific claim to the Utah Supreme Court, Petitioner responded that he had exhausted his state remedies. *See, e.g., Id*. Petitioner did not acknowledge any procedural default, nor allege cause and prejudice to excuse a procedural default.

Respondent moved to dismiss all of Petitioner's claims, arguing that "the violations of federal law [Petitioner] alleges in his petitioner were never fairly presented to the state's highest court and any attempt to do so now would be barred by state procedural rules" and "[Petitioner] fails to provide any argument showing his default should be excused." (ECF No. 20, at 1.)

In response to the motion to dismiss, Petitioner finally confronted his failure to exhaust his state remedies. Petitioner argued that the failure was due to an emergency hospitalization which prevented him from making a timely appeal. (ECF No. 21, at 6.) Petitioner claimed that he was admitted to the hospital on March 5, 2021, for open-heart surgery and remained in the hospital until March 26, 2021. *Id*. He was then placed in the prison infirmary until March 28, 2021. *Id*. Petitioner has not supplied the court with any documentation to corroborate his medical procedure. The only verification of the procedure Petitioner has provided is the statement "[Petitioner] makes all of his arguments under penalty of perjury" near the end of his response to the motion to dismiss. (ECF No. 21, at 18.) Finally, Petitioner is unsure when he received notice of the March 1, dismissal of the Amended PCP. (ECF No. 21, at 19.) Petitioner writes "in all probability [Petitioner] did not receive the courts [sic] decision until after [April 1, 2021]. Even if he received it between [March 29, 2021] and [April 1, 2021] he was physically and mentally

4

incapable of responding to the decision." *Id.* Petitioner estimates that the latest he might have received actual notice of the dismissal was April 10, 2021. (ECF No. 21, at 6.)

## II. PETITIONER'S ASSERTED GROUNDS FOR RELIEF

Petitioner asserts eight grounds for relief in his Petition: (1) ineffective assistance of trial counsel (ECF No. 1, at 5; ECF No. 1-4, at 26-44); (2) ineffective assistance of appellate counsel (ECF No. 1, at 7; ECF No. 1-4, at 45-51); (3) the conviction relied on evidence obtained pursuant to an illegal warrantless search (ECF No. 1, at 8; ECF No. 1-4, at 5-8); (4) the prosecutorial team committed violations of the Fourteenth Amendment, equal protection, due process and procedural due process (ECF No. 1, at 10; ECF No. 1-4, at 9-25); (5) the prosecutorial team violated Petitioner's *Brady* rights (ECF No. 1, at 12; ECF No. 1-4, at 57-60); (6) the prosecution failed to produce sufficient evidence to support the convictions (ECF No. 1, at 14; ECF No. 1-4, at 61-70); (7) the trial and appellate courts committed violations of Fourteenth Amendment and equal protection principles (ECF No. 1, at 15; ECF No. 1-4, at 52-56); and (8) the trial court's admission of certain evidence violated Constitutional prohibitions on *ex post facto* laws (ECF No. 1, at 17; ECF No. 1-4, at 71-73.)

## III. LEGAL FRAMEWORK

### A. Procedural Default

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C.S. §2254(c). Petitioners must alert state courts to the federal nature of a claim to satisfy the exhaustion requirement. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law

5

questions.") The United States Supreme Court has long recognized that the exhaustion requirement requires a federal habeas petitioner to "present the state courts with the same claim he urges upon the federal courts." *Picard v. Connor*, 404 U.S. 270, 276 (1970) (citing *Darr v. Burford*, 339 U.S. 200, 203 (1950); *Davis v. Burke*, 179 U.S. 399, 401-403 (1900)). "The exhaustion requirement is designed to avoid the 'unseemly' result of a federal court 'upset[ting] a state court conviction without' first according the state courts an 'opportunity to … correct a constitutional violation.'" *Davila v. Davis*, 582 U.S. 521, 527 (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982).

When a petitioner has "'failed to exhaust his state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred' the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

Utah's Post-Conviction Remedies Act states in relevant part:

> A person is not eligible for relief under this chapter upon any ground that:
> (a) may still be raised on direct appeal or by a post-trial motion;
> (b) was raised or addressed at trial or on appeal;
> (c) could have been but was not raised at trial or on appeal;
> (d) was raised or addressed in any previous request for post-conviction relief or could have been, but was not, raised in a previous request for post-conviction relief; or
> (e) is barred by the limitation period established in Section 78B-9-107.

Utah Code Ann. § 78B-9-106(1) (2023). The Utah Rules of Appellate Procedure require a notice of appeal to be filed within thirty days of a final judgement. Utah R. App. P. 4(a). However, litigants may move for an extension of the period to file a notice of appeal for good cause or excusable neglect. Utah R. App. P. 4(e); *Hoyer v. State*, 2009 UT 38, ¶ 12; *Reisbeck v. HCA*

*Health Servs.*, 2000 UT 48, ¶ 5 ("upon a showing of excusable neglect or good cause, [the trial court] may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by [Utah Rule of Appellate Procedure 4(a)].") "The discretion of the trial court to grant or deny a Rule 4(e) motion is very broad, highly fact dependent, and fundamentally equitable in nature." *Serrato v. Utah Transit Auth.*, 2000 UT App 299, ¶ 6. Utah Court of Appeals has explained that "[e]xcusable neglect 'is an admittedly neglectful delay that is nevertheless excused by special circumstances,' whereas good cause 'pertains to special circumstances that are essentially beyond a party's control.'" *Bennett v. Bigelow*, 2013 UT App 180, P10 (quoting *Serrato v. Utah Transit Auth.*, 2000 UT App 299, ¶ 7)).

Petitioner's pro se pleadings are entitled to liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed.'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, (1976)); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.")

However, pro se status does not excuse failure to comply with federal exhaustion requirements. *Rose v. Lundy*, 455 U.S. at 520 ("Just as pro se petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement."); *Valdez v. Jones*, 2009 U.S. Dist. LEXIS 117162, *15-16 ("Applicant's pro se representation neither exempts him from the exhaustion requirements nor from demonstrating cause and actual prejudice or demonstrating that a fundamental miscarriage of justice will

result.") (citing *Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994) (affirming dismissal of habeas petition where petitioner failed to exhaust his state court remedies). Pro se litigants in Utah are typically held to the same standards of knowledge and practice as licensed attorneys:

> As a general rule, a party who represents himself will be held to the same standard of knowledge and practice as any qualified member of the bar. Nevertheless, because of his lack of technical knowledge of law and procedure [a layman acting as his own attorney] should be accorded every consideration that may reasonably be indulged.

*State v. Winfield*, 2006 UT 4, P19 (internal citations omitted). Pro se status does not excuse a failure to follow the rules of appellate procedure in the Utah Courts. *Allen v. Friel*, 2008 UT 56, ¶11 ("Reasonable considerations do not include the need to … explain legal rules, or otherwise attempt to redress the ongoing consequences of the party's decision to function in a capacity for which he is not trained.")

### B. Exception to Procedural Default

Procedural default may be avoided if a petitioner can demonstrate either "cause and prejudice" or a "fundamental miscarriage of justice." *Thomas*, 218 F.3d at 1221 ("This court may not consider issues raised in a habeas petition 'that have been defaulted in state court on an independent and adequate procedural ground[] unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.'") (quoting *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998)(alteration in original)).

### 1. Cause and prejudice

A petitioner may be able to overcome procedural default if he can establish "cause" to excuse the procedural default and demonstrate that he suffered "actual prejudice" from the alleged violation. *Davila v. Davis*, 582 U.S. at 524. The Tenth Circuit Court of Appeals has acknowledged the availability of extensions for good cause or excusable neglect in Utah when

considering whether an inmate had exhausted his state law remedies. *Dulin*, 957 F.2d 758, 759 (10th Cir. 1992) ("Appellate Rule 48(e) allows the Utah Supreme Court, upon a showing of excusable neglect or good cause, to extend the time for filing a petition for certiorari."). "[T]o satisfy the 'cause' standard, a petitioner must show that 'some objective factor external to the defense' impeded his compliance with Utah's procedural rules." *Dulin v. Cook*, 957 F.2d at 760 (citations omitted). "A factor is external to the defense if it cannot fairly be attributed to the prisoner." *Davila*, 582 U.S. at 528.

Meanwhile, to demonstrate prejudice, "[t]he habeas petitioner must show not merely that… errors … created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage." *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (emphasis in original) (alteration in original) (quoting *United States v. Frady*, 456 U.S. 152 (1982)). Prejudice requires a petitioner to show that there is a reasonable probability that, but for alleged violation, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984).

### 2. Miscarriage of justice

Alternatively, a petitioner may overcome the procedural bar if he can show that his conviction resulted in a "fundamental miscarriage of justice." *See Thomas*, 218 F.3d at 1221 (alteration omitted) (citation omitted). A fundamental miscarriage of justice may be proven by actual innocence where a petitioner can show that "in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). To be plausible, an actual-innocence claim must be grounded on solid evidence not adduced at trial. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (citing *Schlup,* at 324). Because such evidence

is so rare, "in virtually every case, the allegation of actual innocence has been summarily rejected." *Id.* (citation omitted).

## IV. ANALYSIS

### A. Procedural Default

Petitioner's claims are procedurally defaulted because Petitioner failed to present any federal claims to the highest state court for consideration. Petitioner presented only one issue to the Utah Supreme Court on direct appeal: "Did the court of appeals incorrectly affirm the district court's decision to grant the State's 404(b) motions when the district court and court of appeals did not consider whether, under rule 403, the probative value was substantially outweighed by the high risk of unfair prejudice, confusion, and misleading the jury caused by the evidence of multiple accusers?" (ECF No. 20-11, at 5.) Petitioner, who was represented by an attorney at the time, failed to provide the Utah Supreme Court any indication he was asserting a federal claim. The Utah Court of Appeals had decided the issue solely on state law grounds. *See State v. Murphy*, 441 P.3d 787, 795-797 (Utah App 2019). Petitioner's briefing cited only Utah law and raised no federal issues. *See* ECF No. 20-11. Therefore, Petitioner failed to fairly present a federal issue to the Utah Supreme Court in his petition for certiorari on direct appeal and thereby failed to exhaust any federal claim.

Nor did Petitioner exhaust any federal claims through the post-conviction relief process. Petitioner's pro se petition for state habeas relief presented five grounds for relief. On November 2, 2020, the district court dismissed Petitioner's first four grounds as frivolous on their face and ordered Petitioner to correct pleading errors in his claims of ineffective assistance of counsel within twenty-one days. Petitioner requested an extension of that deadline and later filed an Amended PCP containing only claims of ineffective assistance of counsel. On March 30, 2021,

10

the district court dismissed Petitioner's Amended PCP. Petitioner did not appeal either dismissal. Petitioner would now be time-barred from appealing either dismissal. *See* Utah Rule App. P. Rule 4. Therefore, all claims raised both in Petitioner's PCP and his Amended PCP are technically exhausted but are procedurally defaulted.

### B. Exception to Procedural Default

Petitioner fails to establish cause, external to his defense, to excuse his failure to present any federal issues to the state supreme court. Petitioner and his counsel argued only issues of state law on direct appeal. Petitioner neglected to appeal any of his PCP claims. Petitioner argues that his procedural defaults should be excused because of a medical emergency which prevented him from filing a timely notice of appeal for the PCP. (ECF No. 21, at 6.) However, Petitioner fails to supply any authority for the proposition that a medical emergency should be considered external to his defense for purposes of establishing cause and prejudice. Nor has Petitioner produced any documentation of his hospitalization. Further, Petitioner declined to mention the hospitalization in his Petition, despite being repeatedly prompted to explain any failure to present his claims to the highest state court.

Most of Petitioner's PCP claims were dismissed as facially frivolous on November 2, 2020. Petitioner's remaining claims were dismissed on March 1, 2021. With that dismissal, the November 2, 2020 dismissal also became final and immediately appealable. *See* Utah R. Civ. P. 54(b). The Utah rules typically require notice of appeal to be filed within 30 days of dismissal of the final claims at controversy. *See* Utah R. App. P. 4(a). However, in cases of good cause or excusable neglect, Utah Rule 4(e) allows an additional 30 days to request an extension of the period to file a notice of appeal. *Reisbeck v. HCA Health Servs.*, 2000 UT 48, ¶ 5 ("upon a showing of excusable neglect or good cause, [the trial court] may extend the time for filing a

11

notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by [Utah Rule of Appellate Procedure 4(a)].").

Even accepting, *arguendo*, that Petitioner had not received notice of the dismissal prior to entering the hospital, that Petitioner was "physically and mentally incapable of responding to the [dismissal]" until April 1, 2021, and that his incapacity should be considered external to his defense, Petitioner offers no explanation for his decision to not to request an extension of the period to file a notice of appeal. Petitioner had successfully requested an extension of the time to file his Amended PCP just a few months earlier.

Instead, Petitioner elected to proceed directly to his federal Petition. Petitioner prepared and mailed his 22-page Petition, supported by an 83-page brief and 159 pages of exhibits by May 2, 2021, a few days after his opportunity to file a request for an extension had expired. A request for an extension of the period to appeal would likely have been a much simpler endeavor. *See Bennett v. Bigelow*, 2013 UT App 180, P6 (Utah Ct. App. 2013) (inmate filed a verified motion for extension of time to appeal one week after receiving delayed notice of the order dismissing his remaining claims).

This Court declines to presuppose whether the Utah courts would have granted Petitioner an extension for good cause or excusable neglect under the Utah Rule of Appellate Procedure 4(e). *See Serrato v. Utah Transit Auth.*, 2000 UT App 299, ¶ 6, ("The discretion of the trial court to grant or deny a Rule 4(e) motion is very broad, highly fact dependent, and fundamentally equitable in nature.") However, because he declined to even request such an extension, Petitioner cannot establish that circumstances external to his defense prevented him from exhausting his state remedies. Therefore, this Court concludes that Petitioner has failed to establish cause to excuse his procedural default.

12

### C. Miscarriage of Justice

Petitioner's mere rehashing of the evidence and alleged violations of his civil rights in state proceedings do nothing to convince this Court that the exception applies. Indeed, the kernel of the Court's analysis regarding actual innocence is not whether Petitioner urgently believes there were errors--or whether there were indeed errors--in state proceedings, but whether Petitioner is factually innocent. This factual innocence must also be supported with new evidence, which Petitioner has not provided.

### V. CONCLUSION

Petitioner's claims are procedurally defaulted.

**IT IS THEREFORE ORDERED** that the petition for writ of habeas corpus is **DENIED** and the action **DISMISSED WITH PREJUDICE**.

**IT IS ALSO ORDERED** that a certificate of appealability is **DENIED**.

This action is **CLOSED**.

DATED this 2nd of August, 2023.

BY THE COURT

_____
CHIEF JUDGE ROBERT J. SHELBY
United States District Court